IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF PHILLIPSBURG, et al.,<br><br>　　　　Defendants. | Case No. 14-CV-4083-DDC-TJJ |

**MEMORANDUM AND ORDER**

Plaintiff filed this lawsuit pro se on September 13, 2014 (Doc. 1). In her Complaint, plaintiff named the City of Phillipsburg, Kansas and Judge Preston Pratt of Kansas' 17th Judicial District as defendants. The allegations in plaintiff's Complaint are difficult to understand. Plaintiff appears to claim that defendants violated her due process rights, and she appears to seek removal of state court actions to federal court (Doc. 1 at 1, 4).

On December 19, 2014, Magistrate Judge Teresa J. James issued an Order granting plaintiff's motion for leave to proceed in forma pauperis and ordering plaintiff to show good cause by January 20, 2015, why the Court should not dismiss her lawsuit for failure to state a claim upon which relief can be granted (Doc. 10). In that Order, Judge James explained in detail how certain allegations in plaintiff's Complaint fail to allege sufficient factual support to state a claim for relief. (*Id.* at 2–3) Judge James also warned plaintiff that "[s]uch conclusory assertions fail to provide a sufficient factual basis to support a legal claim on which relief can be granted" and therefore ordered plaintiff to show good cause in writing by January 20, 2015, why the Court should not dismiss the lawsuit for failure to state a claim upon which relief can be granted. (*Id.* at 3)

1

Shortly after Judge James issued this Order, plaintiff left a message with the Clerk's Office stating that she had not received a copy of the Order. In response, the Court re-mailed a copy of Judge James' December 19, 2014 Order to plaintiff by both regular and certified mail on December 30, 2014. On January 12, 2015, the Court received a certified mail receipt showing that plaintiff signed for and received the certified mailing on January 8, 2015.

To date, plaintiff has not responded to Judge James' Order requiring her to show good cause why the Court should not dismiss this case for failure to state a claim. On February 5, 2015, plaintiff filed a "Motion for Satisfaction of Deadline" (Doc. 12). Plaintiff also filed this same document in another lawsuit she has filed, pending before Judge Julie A. Robinson (*Creamer v. Fischer,* et al., Case No. 14-4107). Like her Complaint in this case, her satisfaction motion is difficult to comprehend. First, plaintiff appears to allege that she was in a car accident in 2009, and that "GM" has not paid her for a defective car. (Doc. 12 at 1) Second, plaintiff claims that someone is tampering with her mail and emails. (*Id.*) Third, plaintiff describes an alleged sale of her home and personal property by auction, which she claims was fraudulent. (*Id.* at 1–2) Finally, plaintiff references a rape that occurred in 1991, a theft of horses from her property in 2013, an accident where she was hit by a cement truck, and a denial by Judge Pratt to provide "the transcript evidence." (*Id.* at 2)

As Judge James explained in her December 19, 2014 Order, Fed. R. Civ. P. 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, simply "'will not

do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Because plaintiff brings this lawsuit pro se, the Court construes her Complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for her, as a pro se litigant. *Id.* Also, plaintiff's pro se status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

The Court agrees with Judge James. Plaintiff's Complaint is devoid of sufficient factual allegations to state a claim for relief. Plaintiff's Motion for Satisfaction of Deadline does not address the pleading deficiencies in her Complaint, as Judge James' show cause order requires. And plaintiff otherwise has not responded to Judge James' Order requiring her to show good cause on or before January 20, 2015, why the Court should not dismiss this lawsuit for failure to state a claim. Thus, the Court, in its discretion, dismisses plaintiff's case, without prejudice, for failing to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this case is dismissed, without prejudice, for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

**Dated this 10th day of February, 2015, at Topeka, Kansas**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**