IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARJORIE A. CREAMER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF PHILLIPSBURG, et al.,**<br><br>**Defendants.** | **Case No. 14-CV-4083-DDC-TJJ** |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Motion for Reconsideration (Doc. 15). On February 11, 2015, the Court entered a Memorandum and Order dismissing this case, without prejudice, because plaintiff's Complaint fails to state a claim upon which relief can be granted (Doc. 13). As noted in that Order, Magistrate Judge Teresa J. James issued an Order requiring plaintiff to show good cause by January 20, 2015, why the Court should not dismiss her lawsuit for failure to state a claim upon which relief can be granted (Doc. 10). Plaintiff did not respond to Judge James' Order by that deadline. Therefore, the Court dismissed this lawsuit, without prejudice, for failure to state a claim upon which relief can be granted.

Plaintiff now seeks reconsideration of the Court's Memorandum and Order. She claims that she sent certain documents to the Court by U.S. Mail on February 6, 2015, but the Court never received them. Therefore, she submitted the documents by email[1] and urges the Court to consider them before dismissing her case (Doc. 15 at 2). Upon review of those documents, the Court denies plaintiff's Motion for Reconsideration for several reasons.

---

[1] Plaintiff proceeds pro se in this case. She does not have access to electronic filing as a pro se litigant, but she does receive ECF notification of filings in this case at an email address she has registered with the Court. *See* Docket, Case No. 14-4083.

1

First, plaintiff fails to explain why she is entitled to reconsideration under the appropriate legal standard.[2] D. Kan. Rule 7.3(b) requires that a motion to reconsider "must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice." "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992) (citations omitted). A party seeking reconsideration may not revisit issues already addressed or assert new arguments or supporting facts that otherwise were available for presentation when the party filed the original motion. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert. denied*, 506 U.S. 828 (1992)). A court has discretion when deciding to grant a motion to reconsider. *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *Shannon v. Pac. Rail Servs.*, 70 F. Supp. 2d 1243, 1251 (D. Kan. 1999) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

Here, plaintiff does not provide a basis for the Court to grant her motion to reconsider. She does not cite (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. The documents submitted by plaintiff with her Motion for Reconsideration are not "new evidence." She complains of a "cover up" in the 17th Judicial District since 2003, describes proceedings that occurred in 2011 and 2013, and attaches documents dated in 2013. Plaintiff fails to explain why she did not submit this information to the Court on or before the January 20, 2015 deadline

---

[2] Although plaintiff brings this lawsuit pro se, she is not relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Also, because she proceeds pro se, the Court construes her pleadings liberally, but does not assume the role of advocate for her. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

established in Judge James' show cause order.  Plaintiff's additional documentation also fails to demonstrate the need to correct clear error or prevent manifest injustice.  Therefore, plaintiff has not established sufficient grounds for the Court to grant her motion for reconsideration under the Court's local rule.

Second, the additional documents submitted by plaintiff fail to show that she has stated a claim for relief in her Complaint.  Like her earlier filings in this case, plaintiff's Motion for Reconsideration is difficult to comprehend.  She complains of various alleged wrongs, but she has not cured the deficiencies in her Complaint.  Thus, the Court denies plaintiff's motion to reconsider its order dismissing plaintiff's lawsuit, without prejudice, for failure to state a claim.

Finally, the Court notes that it dismissed plaintiff's lawsuit *without prejudice*, which means that plaintiff is not precluded from refiling her claims by submitting a proper Complaint as a new case.  Thus, there is nothing preventing plaintiff from refiling this lawsuit, but the Court cautions plaintiff that, if she does so, she must plead viable claims under Fed. R. Civ. P. 8(a).  Fed. R. Civ. P. 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, simply "'will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 15) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of February, 2015, at Topeka, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

4